IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Filed Under Seal**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| TODD H. LAHR | : | VIOLATIONS: |
| | : | 18 U.S.C. § 371 (conspiracy to commit securities fraud and wire fraud – 1 count) |
| | : | 15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. § 240.10b–5 (securities fraud – 2 counts) |
| | : | 18 U.S.C. § 1343 (wire fraud – 4 counts) |
| | : | 18 U.S.C. § 2 (aiding and abetting) |
| | : | Notice of forfeiture |

## SUPERSEDING INDICTMENT

### COUNT ONE
### (Conspiracy to Commit Securities Fraud and Wire Fraud – 18 U.S.C. § 371)

**THE GRAND JURY CHARGES THAT:**

<u>The Defendant, Relevant Individuals, and Entities</u>

At all times material to this Superseding Indictment:

1. Defendant TODD H. LAHR ("LAHR") was a lawyer licensed in Pennsylvania with an office in Allentown, Pennsylvania.

2. THL Holdings, LLC ("THL Holdings") was a Nevada limited liability company. Defendant TODD H. LAHR formed THL Holdings in or about January 2012 and was its managing member.

3. Ferran Global Holdings, Inc. ("Ferran") was incorporated in the State of Nevada in or about January 2015. Defendant TODD H. LAHR was the president and director of

Ferran. Person #1 was the Chief Executive Officer ("CEO"), chairman of the board, and treasurer of Ferran.

4. Bancorp International Group ("BCIT") was a Nevada corporation whose securities were traded on the OTC Link (formerly referred to as the "Pink Sheets"). Person #1 was the CEO and director of BCIT.

5. Cefeida, S.A. was a company incorporated in Panama in or about 2006. Person #1 was a director of Cefeida, S.A. and exercised control over it. Cefeida SA PTY LTD was a company registered in Australia in or about 2009. Person #1 was a director of Cefeida SA PTY LTD and exercised control over it. Cefeida, S.A. and Cefeida SA PTY LTD (collectively, "Cefeida") had no known legitimate business purpose.

The Conspiracy

6. From at least in or about January 2012, through at least in or about July 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**TODD H. LAHR**

and Person #1, together and with others known and unknown to the Grand Jury, conspired to commit offenses against the United States, namely:

> (a) securities fraud, that is, unlawfully, willfully, knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce and the mails, to use and to employ manipulative and deceptive devices and contrivances by: (i) employing devices, schemes, and artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which

2

they were made, not misleading; and (iii) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon any person, in connection with the purchase and sale of a security, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b–5; and

(b) wire fraud, that is, knowingly and with the intent to defraud, to devise, and to intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and to cause certain wire communications to be transmitted in interstate and foreign commerce, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343.

<u>Purposes of the Conspiracy</u>

7. The purposes of the conspiracy were to (a) enrich defendant TODD H. LAHR and his co-conspirators through the fraudulent sale of shares of Ferran and THL Holdings, as well as promissory notes related to THL Holdings, to victim-investors located in the United States, including in the Eastern District of Pennsylvania and elsewhere; (b) conceal from victim-investors the true financial condition of THL Holdings, Ferran, and the entities defendant LAHR and his co-conspirators owned and/or controlled; and (c) conceal from victim-investors the manner in which defendant LAHR and his co-conspirators were using investor proceeds.

## Manner and Means

It was part of the scheme that:

8. In or about January 2012, defendant TODD H. LAHR formed THL Holdings as a holding company to raise and invest money for purported business dealings with Person #1. Thereafter, defendant LAHR solicited investments into THL Holdings from his law clients and others. Defendant LAHR represented to the victim-investors that he and Person #1 would use their funds to pursue various business opportunities, including mining operations in Papua New Guinea through Person #1's company, Cefeida, and obtaining shares of BCIT. Defendant LAHR falsely represented to the victim-investors that 100% of their investment dollars would be used for investment purposes. Defendant LAHR encouraged some victim-investors to invest by giving them promissory notes that purported to pay 10% annual interest, while giving others membership certificates in THL Holdings and/or common shares of entities with which defendant LAHR was affiliated. Defendant LAHR raised a total of approximately $2,647,990 in THL Holdings from at least 20 different victim-investors.

9. From in or about February 2012 through at least in or about November 2018, defendant TODD H. LAHR made payments via wires and mails to victim-investors who were THL Holdings noteholders in order to give the victim-investors the false impression that their funds were being invested and generating legitimate business returns. These payments were the approximate equivalent of 10% per year on the amounts invested. Defendant LAHR made these payments to victim-investors in THL Holdings using funds fraudulently solicited from other victim-investors. Person #1 facilitated certain payments to THL Holdings noteholders knowing that the payments came from funds solicited from other victim-investors.

10. In or about January 2015, defendant TODD H. LAHR and Person #1 formed Ferran and began soliciting investments into Ferran to continue the scheme. Defendant LAHR and Person #1 raised approximately $140,000 from four investors who had been law clients of LAHR. Defendant LAHR falsely represented to the investors that he and Person #1 would use their funds to pursue various business opportunities, including mining operations in Papua New Guinea, as well as residential property leases in Barcelona, Spain, and London, England.

11. In or about April 2015, defendant TODD H. LAHR entered into subscription agreements with each of the four investors of Ferran for them to invest funds in exchange for securities of Ferran.

12. Beginning in or about January 2012, defendant TODD H. LAHR made payments to himself and others for personal expenses from accounts he controlled by misappropriating investor funds that had been deposited. Defendant LAHR transferred approximately $273,091 in investor funds from the THL Holdings bank accounts to his own personal accounts and via cash withdrawals. Among other things, defendant LAHR used investor funds to pay for personal debts on his home mortgage, his child's school tuition, utilities, and a personal debt of $65,113.66.

13. Beginning in or about January 2012, defendant TODD H. LAHR made payments to Person #1 from accounts he controlled using deposited investor funds.

14. Beginning in or about February 2012, defendant TODD H. LAHR made payments to entities and corporations that he and Person #1 controlled from accounts he controlled using deposited investor funds.

15. From in or about May 2015 through in or about February 2016, defendant TODD H. LAHR and Person #1 paid THL Holdings noteholders using funds that had been

solicited from investors in Ferran without the knowledge of investors in either THL Holdings or Ferran.

16. In or about December 2016, defendant TODD H. LAHR and Person #1 paid approximately $50,000 to an investor of Ferran from monies solicited from investors of THL Holdings.

17. From in or about January 2012 through in or about July 2019, defendant TODD H. LAHR and Person #1 falsely represented to victim-investors the value of their investments in Ferran and THL Holdings and the likelihood of returns on their investment. In addition, defendant LAHR and Person #1 concealed material facts from victim-investors of THL Holdings and Ferran, including that LAHR and Person #1 would receive financial benefits from the investment, that they would divert victim-investor monies for their personal benefit, and that they would divert victim-investor monies to pay monies owed to other victim-investors in the scheme.

18. For purposes of executing the scheme, defendant TODD H. LAHR used, and caused to be used, a number of interstate wires, signals, and writings, including money transfers and emails.

Overt Acts

In furtherance of the conspiracy and to accomplish its objects, defendant TODD H. LAHR, Person #1, and others known and unknown to the Grand Jury committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. On or about April 17, 2015, defendant TODD H. LAHR sent a wire transmission of $3,700, which constituted victim funds, to Person #1 in Sydney, Australia.

2. On or about May 1, 2015, defendant TODD H. LAHR sent a wire transmission of $40,000, which constituted victim funds, to Person #1 in Sydney, Australia.

3. On or about May 29, 2015, defendant TODD H. LAHR sent an email transmission to Person #1 regarding Ferran and THL Holdings.

4. On or about July 21, 2015, defendant TODD H. LAHR sent a wire transmission of $20,000.00, which constituted victim funds, to Person #1 in Sydney, Australia.

5. On or about July 28, 2015, defendant TODD H. LAHR sent a payment for $833.33, which constituted victim funds, to an investor of THL Holdings.

6. On or about July 28, 2015, defendant TODD H. LAHR sent a payment for $416.66, which constituted victim funds, to an investor of THL Holdings.

All in violation of Title 18, United States Code, Section 371.

# COUNTS TWO AND THREE
## (Securities Fraud – 15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. § 240.10b–5 and 18 U.S.C. § 2)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1–5 and 8–18 and the Overt Acts of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2. Starting and continuing from the on or about dates described below, in the Eastern District of Pennsylvania and elsewhere, defendant

**TODD H. LAHR**

did unlawfully, willfully, and knowingly, directly and indirectly, and by aiding and abetting, by use of the means and instrumentalities of interstate commerce and the mails, in connection with the purchase and sale of securities, use and employ manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b–5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon any person, in connection with the purchase and sale of the securities described below, each class of securities constituting a separate count:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
| --- | --- | --- |
| TWO | January 2012 to at least July 2019 | Membership certificates and promissory notes in THL Holdings, LLC |
| THREE | January 2015 to at least July 2019 | Subscription agreements for Ferran Global Holdings, Inc. |

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b–5, and Title 18, United States Code, Section 2.

# COUNTS FOUR THROUGH SEVEN
## (Wire Fraud – 18 U.S.C. § 1343)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1–5 and the Overt Acts of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

### The Scheme and Artifice to Defraud

2. The United States realleges by reference Paragraph 7 of Count One of this Superseding Indictment as a description of the purposes of the scheme.

3. The United States realleges by reference Paragraphs 8–18 of Count One of this Superseding Indictment as a description of the scheme.

4. From at least in or about January 2012 through at least in or about July 2019, defendant

**TODD H. LAHR**

devised and intended to devise a scheme to defraud investors in THL Holdings, Inc. and Ferran Global Holdings, Inc., and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

### Use of Wires

5. On or about the below dates, in the Eastern District of Pennsylvania and elsewhere, defendant

**TODD H. LAHR**

for the purpose of executing the scheme described above caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below for each count, each transmission constituting a separate count:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| FOUR | April 17, 2015 | Wire transmission of $3,700 that TODD H. LAHR sent from Easton, Pennsylvania, to Person #1, in Sydney, Australia. |
| FIVE | May 1, 2015 | Wire transmission of $40,000 that TODD H. LAHR sent from Easton, Pennsylvania, to Person #1, in Sydney, Australia. |
| SIX | May 29, 2015 | E-mail wire transmission that TODD H. LAHR sent from the Eastern District of Pennsylvania to Person #1, outside of Pennsylvania, regarding Ferran and THL Holdings. |
| SEVEN | July 21, 2015 | Wire transmission of $20,000 that TODD H. LAHR sent from Easton, Pennsylvania, to Person #1, in Sydney, Australia. |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 371 and 1343, and Title 15, United States Code, Sections 78j(b) and 78ff, defendant

**TODD H. LAHR**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, including, but not limited to, the sum of approximately $273,091.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third-party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

ROBERT ZINK
Chief, Fraud Section

_Katayoun M. Copeland_ _for_
WILLIAM M. McSWAIN
United States Attorney

_____
PHILIP B. TROUT
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice